IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| NICOLE MARIE P., | ) |
|     Plaintiff, | ) No. 22 C 835 |
| v. | ) Magistrate Judge M. David Weisman |
| KILOLO KIJAKAZI, Acting Commissioner of Social Security, | ) |
|     Defendant. | ) |

## MEMORANDUM OPINION AND ORDER

Nicole Marie P. appeals the Acting Commissioner's decision denying her application for Social Security benefits. For the reasons set forth below, the Court affirms the Acting Commissioner's decision.

### Background

On December 17, 2019, plaintiff filed an application for benefits, which was denied initially, on reconsideration, and after a hearing. (R. 13-20, 64-109.) The Appeals Council declined review (R. 1-3), leaving the ALJ's decision as the final decision of the Acting Commissioner reviewable by this Court pursuant to 42 U.S.C. § 405(g). *See Villano v. Astrue*, 556 F.3d 558, 561-62 (7th Cir. 2009).

### Discussion

The Court reviews the ALJ's decision deferentially, affirming if it is supported by "[s]ubstantial evidence," *i.e.*, "'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Gedatus v. Saul*, 994 F.3d 893, 900 (7th Cir. 2021) (quoting *Richardson v. Perales*, 402 U.S. 389, 401 (1971)). "[W]hatever the meaning of 'substantial' in

other contexts, the threshold for such evidentiary sufficiency is not high." *Biestek v. Berryhill*, 139 S. Ct. 1148, 1154 (2019).

Under the Social Security Act, disability is defined as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A). The regulations prescribe a five-part sequential test for determining whether a claimant is disabled. *See* 20 C.F.R. §§ 404.1520(a), 416.920. The Acting Commissioner must consider whether: (1) the claimant has performed any substantial gainful activity during the period for which she claims disability; (2) the claimant has a severe impairment or combination of impairments; (3) the claimant's impairment meets or equals any listed impairment; (4) the claimant retains the residual functional capacity ("RFC") to perform her past relevant work; and (5) the claimant is able to perform any other work existing in significant numbers in the national economy. *Id.*; *see Zurawski v. Halter*, 245 F.3d 881, 885 (7th Cir. 2001).

At step one, the ALJ found that plaintiff has not engaged in substantial gainful activity since December 2, 2019, the alleged disability onset date. (R. 16.) At step two, the ALJ found that plaintiff has the severe impairments of systemic lupus erythematosus[1] with immune thrombocytopenia[2] and thrombotic thrombocytopenic purpura.[3] (*Id.*) At step three, the ALJ found

---

[1] Systemic lupus erythematosus "is an autoimmune disease in which the immune system attacks its own tissues, causing widespread inflammation and tissue damage in the affected organs." https://www.cdc.gov/lupus/facts/detailed.html#sle (last visited Jan. 24, 2023).

[2] Immune thrombocytopenia purpura "is a disorder that can lead to easy or excessive bruising and bleeding. . . . [It] can cause purple bruises, as well as tiny reddish-purple dots that look like a rash." https://www.mayoclinic.org/diseases-conditions/idiopathic-thrombocytopenic-purpura/symptoms-causes/syc-20352325 (last visited Jan. 24, 2023).

[3] Thrombotic thrombocytopenic purpura "is a condition in which [a person] ha[s] a low blood platelet count," which can cause easy or excessive bruising known as purpura. https://www.mayoclinic.org/diseases-conditions/thrombocytopenia/symptoms-causes/syc-20378293 (last visited Jam. 24, 2023).

that plaintiff does not have an impairment or combination of impairments that meets or medically equals a listed impairment. (*Id.*) At step four, the ALJ found that plaintiff is unable to perform any past relevant work but has the RFC to perform sedentary work with certain exceptions. (R. 17, 19.) At step five, the ALJ found that jobs exist in significant numbers in the national economy that plaintiff can perform, and thus she is not disabled. (R. 19-20.)

Plaintiff's only argument is that the RFC does not account for her physical limitations or the amount of off-task time her impairments cause. (*See* ECF 12 at 16-17.) She makes this argument in a five-sentence paragraph that contains not a single citation to the record. (*Id.*) Her perfunctory and unsupported challenge to the RFC is, therefore, waived. *United States v. Cisneros*, 846 F.3d 972, 978 (7th Cir. 2017) ("[P]erfunctory and undeveloped arguments, and arguments that are unsupported by pertinent authority, are waived.") (quotations omitted); *Schaefer v. Universal Scaffolding & Equip., LLC*, 839 F.3d 599, 607 (7th Cir. 2016) (stating that plaintiff waived an argument to which he "devote[d] only a scant paragraph"); *Heather M. v. Berryhill*, 384 F. Supp. 3d 928, 934 (N.D. Ill. 2019) ("Judges are not required to sift through the record without direction from counsel—especially a [2,473]-page record—and find evidentiary support for contentions tossed out like salt strewn on an icy sidewalk . . . .").

**Conclusion**

For the reasons set forth above, the Court affirms the Acting Commissioner's decision, grants the Acting Commissioner's motion for summary judgment [14], denies plaintiff's motion for summary judgment [12], and terminates this case.

**SO ORDERED.**                  **ENTERED: March 30, 2023**

**M. David Weisman**
**United States Magistrate Judge**